IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-1714-RPM

RODNEY BURDICK

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF DEPUTY DARREN OJARD and
JEFFERSON COUNTY SHERIFF DEPUTY ROBERT RANKER, individually and severally,

    Defendants.

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be defined as: (a) Documents and information produced by Deputy Darren Ojard, Deputy Robert Ranker, or any Jefferson County Sheriff's Office agent or representative, when designated as "confidential" as provided herein, concerning current or former employees of the Jefferson County Sheriff's Office, including personnel or personnel-related documents or internal memoranda or internal affairs investigations or medical records of the Plaintiff related to his incarceration at the Jefferson County Detention Facility (the "JCDF") and (b) Documents and information produced by or obtained through releases produced by Plaintiff, concerning individual medical, mental health, financial and/or tax records.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the parties and designated representatives and insurers for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;  and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL."

8. Subject to all proper evidentiary objections, the Confidential materials may be presented as exhibits at any deposition taken herein or at any hearing or trial regarding this action.  However, at the request of either Plaintiff or the Defendants at any deposition, the copies of the Confidential materials presented to the court reporter shall be sealed and marked as confidential.  Further, the Parties shall have the opportunity to request at any hearing, trial, or with respect to filing any Confidential

material as an exhibit to a pleading, that the Confidential materials be sealed and maintained by the Court as confidential pursuant and subject to the requirements of D.C.Colo.LCivR 7.2 and 7.3.

9. Notwithstanding the foregoing provisions, the Defendants shall have the right to redact from all Confidential materials and those documents which are not designated as confidential any and all references to any individual defendant's personal and confidential information about himself or herself and his or her family, including, but not limited to, social security numbers, home address and telephone numbers, the names of family members, names of insurance beneficiaries, date of birth, driver's license numbers, and names and addresses of employment references and salary.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

12. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 16th day of March, 2011.

| | |
|---|---|
| DOUGLAS LEO ROMERO, ESQ. | ELLEN G. WAKEMAN<br>JEFFERSON COUNTY ATTORNEY |
| *s/ Timothy D. Edstrom*<br>By: _____<br>Timothy D. Edstrom<br>Douglas L. Romero<br>200 S. Sheridan Blvd., Ste. 150<br>Denver, CO  80226<br>dromero@coloradochristiandefensecounsel.com<br>timedsrom@coloradochristiandefensecounsel.com<br><br>*Attorneys for Plaintiff Burdick* | *s/ James Burgess*<br>By: _____<br>James Burgess<br>Writer Mott<br>Assistant County Attorneys<br>100 Jefferson County Pkwy., Ste. 5500<br>Golden, CO 80419<br>jburgess@jeffco.us<br>wmott@jeffco.us<br><br>*Attorneys for Defendants Ranker and Ojard* |

DONE AND ORDERED this 16th day of March, 2011

                                          s/Richard P. Matsch

                                          _____
                                          Hon. Richard P. Matsch
                                          Senior United States Judge